IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| JACK HERBERT THOMAS, TDCJ-CID No. 01440666, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 2:20-CV-133-Z-BR |
| KELSEY PEATRICE, *et al.*, | § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION
## DENYING MOTION FOR PRELIMINARY INJUNCTION

This matter comes before the Court on Plaintiff's motion for preliminary injunction, filed February 18, 2021 (ECF No. 30) ("Motion for Preliminary Injunction"). Plaintiff filed suit *pro se* while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. Plaintiff was granted permission to proceed *in forma pauperis*. For the reasons discussed herein, Plaintiff's Motion for Preliminary Injunction is **DENIED**.

### FACTUAL BACKGROUND

Plaintiff sues over 100 Defendants, alleging claims of false testimony during his underlying criminal case, cybercrimes, unlawful surveillance, unlawful deprivation of property, harassment, inadequate medical treatment, and threated use of force. ECF No. 3, at 8-26. The vast majority of Plaintiff's claims are time-barred by the statute of limitations. The United States Supreme Court has held that the statute of limitations for a civil rights action is to be determined by reference to the prescriptive period for personal injury actions in the forum state. *Hardin v. Straub*, 490 U.S. 536 (1989); *Owens v. Okure*, 488 U.S. 235 (1989). In Texas, the prescriptive period for such claims

is two years. Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (West 2011). Plaintiff list claims ranging from the time of his initial period of incarceration. Only his claims against a single Defendant range into the period of limitations. Plaintiff seeks a Preliminary Injunction for his "witnesses," to prevent retaliation against them for filing this lawsuit. ECF No. 30, at 1.

### LEGAL STANDARD

A federal court may issue a preliminary injunction to protect a plaintiff's rights until his or her case has been finally determined. *See* FED. R. CIV. P. 65(a); 11A CHARLES A. WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. CIV. § 2941 (3d ed. 2020). To obtain a preliminary injunction, a movant must prove "(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest." *Robinson v. Hunt Country, Texas*, 921 F.3d 440, 451 (5th Cir. 2019) (citations omitted). A preliminary injunction is an extraordinary remedy requiring the applicant to unequivocally show the need for its issuance. *Sepulvado v. Jindal*, 729 F.3d 413, 417 (5th Cir. 2013) (internal marks omitted), *cert. denied*, 134 S. Ct. 1789 (2014). The party moving for a preliminary injunction must prove *all* four elements. *Benisek v. Lamone*, 138 S. Ct. 1942, 1943 (2018); *Doe v. Landry*, 909 F.3d 99, 106 (5th Cir. 2018).

### ANALYSIS

"An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable harm." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976). When a plaintiff requests injunctive relief that would require the court to interfere with the administration of a state civil commitment1 facility, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief." *Rizzo v.*

*Goode*, 423 U.S. 362, 379 (1976). In assessing whether injunctive relief serves the public interest, prison administrators must be afforded deference in the manner in which they operate the prison. *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). An injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White*, 862 F.2d at 1211.

First, Plaintiff's claims for injunctive relief, as they may relate to any retaliation he fears for himself, are now moot, as he was transferred to a different TDCJ unit. *See* ECF No. 32. A transfer to another jurisdiction moots requests for injunctive relief that would require TDCJ to change their procedures. *See Haralson v. Campuzano*, 356 Fed. Appx 692, 695–96 (5th Cir. 2009) (prisoner's claim for injunctive relief based on his challenge to recreation policies applicable to inmates in the prison infirmary was rendered moot by his transfer from the infirmary; the "capable of repetition, yet evading review exception to mootness" did not apply because the possibility that he would be transferred back to the infirmary was "too speculative to warrant relief"); *Rivera v. Dawson*, No. 05–41565, 2007 WL 1223914 (5th Cir. Apr. 25, 2007); *Tamfu v. Ashcroft*, No. 02–10502, 2002 WL 31689212 (5th Cir. Oct. 30, 2002) ("Because Tamfu is no longer incarcerated at the Airpark or Flightline Units, any claims for declaratory or injunctive relief are moot."); *Stewart v. Warner*, Civ. Action No. 14–4759, 2014 WL 3498165, at *3 (E.D.La. July 15, 2014); *Ashford v. Gusman*, Civ. Action No. 12–87, 2012 WL 1019830, at *5 (E.D.La. Feb. 22, 2012), adopted, 2012 WL 1019170 (E.D.La. Mar. 26, 2012). Because Plaintiff's claims for injunctive relief are now moot, the Court no longer has subject matter jurisdiction to consider those claims.

Plaintiff has requested injunctive relief to prevent retaliation to witnesses, but has made no claims that any "witness" has been the subject of any retaliation by Defendants. As such, to the extent that Plaintiff is actually seeking a Protective Order, his requested is likewise, **DENIED**.

**CONCLUSION**

For the reasons set forth above, it is **ORDERED** that the Motion for TRO filed by Plaintiff is **DENIED** as moot.

**SO ORDERED.**

June 14, 2021.

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE